IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| ALEC MATHEWS, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | CIVIL ACTION NO. 5:23-00086 |
| v. | ) | |
| | ) | |
| KATINA HECKARD, | ) | |
| | ) | |
|     Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 6, 2023, Petitioner, acting *pro se*, filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Memorandum in Support, and Affidavit. (Document Nos. 1 - 3).[1] In his Petition, Petitioner argues that his due process rights were violated during disciplinary proceedings. (Id.) First, Petitioner argues he was not provided notice of the Incident Report until three months after sanctions were imposed. (Id.) Second, Petitioner argues that he "was not given a hearing where [he] could have been present to defend against the allegations against [him]." (Id.) Petitioner explains that he was released from FCI Beckley to a Residential Reentry Center ["RRC"] in Florida on June 13, 2022. (Id.) Petitioner claims that on October 17, 2022, the made a sexual harassment complaint against his Case Manager, Ms. Henry. (Id.) After making such a complaint, Petitioner alleges that he was arrested by the United States Marshal Service ["USMS"] for refusing an urinalysis. (Id.) Petitioner states "from there he was transported to the Pinellas County Jail in Saint Petersburgh, Florida, and ultimately back to FCI Beckley." (Id.) Petitioner complains it was nearly three months after the incident (1-18-2023) before he was served with the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Center Discipline Committee ("CDC") Report. (Id.) Petitioner further states that "prior to this, he never had any DHO Hearing where he could defend himself of the charges against him." (Id.) Petitioner alleges he was summarily found guilty of an infraction without being given a "Notice of a DHO Hearing, which would have given him the time to request a staff representative, request video evidence, or any other available evidence in mitigation of the charges." (Id.) Petitioner also states that he was denied the right to be present during the DHO Hearing. (Id.) Petitioner contends that "if he would have been afforded his due process rights of notice and presence, he would have at a minimum shown that: the Incident Report which was served at noon by R. Depena was 9 hours before the alleged misconduct occurred." (Id.) As relief, Petitioner requests his immediate release. (Id.) As an Exhibit, Petitioner files an Affidavit in Support. (Document No. 3.)

By Order entered on February 7, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 6.) On February 27, 2023, Petitioner file an Affidavit and Exhibits in Support. (Document No. 16.) As Exhibits, Petitioner attaches the following: (1) A drawing of where cameras are located in the area where urinary analysis are conducted (Id., p. 3.); (2) A copy of a blank "Request for Administrative Remedy Informal Resolution Form" (Id., p. 4.); (3) A copy of an Affidavit from Inmate Reginal Gaines (Id., p. 5.); (4) A copy of Petitioner's "Sales Invoice" from FCI Beckley dated February 21, 2023 (Id., pp. 6 - 7.)

On April 10, 2023, Respondent filed his Response to the Order to Show Cause. (Document No. 23.) Respondent argues that Petitioner's Petition should be denied based upon the following: (1) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 5 – 9.); (2) "Petitioner

2

received the rights afforded pursuant to Wolff" (Id., pp. 9 – 11.); and (3) Since "the BOP's records are subject to the presumption of regularity, and Petitioner has not submitted competent evidence or testimony to overcome this presumption, Petitioner's claims should be dismissed" (Id., pp. 11 – 12.)

As Exhibits, Respondent attaches the following: (1) The Declaration of Misty Shaw (Document No. 23-1, pp. 2 - 3.); (2) A copy of Petitioner's "Inmate History" dated February 16, 2023 (Id., pp. 5 – 7.); (3) A copy of Petitioner's Administrative Remedy Generalized Retrieval dated February 14, 2023 (Id., pp. 9 – 15.); (4) A copy of Petitioner's Administrative Remedy Generalized Retrieval regarding Remedy ID No. 1147544 (Id., pp. 17 – 18.); (5) The Declaration of Anita Cano (Document No. 23-2, pp. 2 – 4.); (6) A copy of Incident Report No. 3685307 (Id., pp. 6 – 8.); (7) A copy of the "Center Discipline Committee Report" (Id., pp. 10 – 12.); (8) A copy of the "Inmate Rights at Center Discipline Committee Hearing" form (Id., p. 14); (9) A copy of the "Notice of Center Discipline Committee Hearing" form (Id., p. 16.); and (10) A copy of Program Statement 7300.09, pp. 1 and 2, and Chapter 5, pp. 18 – 23 (Id., pp. 18 – 25.).

By Order and Notice entered on April 11, 2023, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 24.) On May 12, 2023, Petitioner filed his Reply. (Document No. 25.) As Exhibits, Petitioner attaches the following: (1) A copy of the "Center Discipline Committee Report" (Document No. 25-1, Document No. 25-2, pp. 1 and 8 – 10, and Document No. 25-4, pp. 6 - 8.); (2) A copy of the "Rejection Notice" from the Administrative Remedy Coordinator at the Southeast Regional Office dated February 27, 2023, concerning Remedy ID No. 1142340-R1 (Document No. 25-2, p. 2.); (3) A copy of Petitioner's letter-form BP-10 dated November 4, 2022 (Id., pp. 3 – 7.); (4) A copy of Petitioner's "Inmate

3

Request to Staff" dated December 7, 2022 (Document No. 25-3, p. 1.); (5) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 12-14-2022" (Id., pp. 2 – 5.); (6) A copy of the "Rejection Notice" from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office dated February 6, 2023, concerning Remedy ID No. 1150370-R1 (Document No. 25-4, p. 1.); and (7) A copy of Petitioner's Regional Administrative Remedy Appeal dated January 24, 2023, regarding Remedy ID No. 1150370-R1 (Id., pp. 2 – 5.).

## DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date"). A federal prisoner challenging a disciplinary proceeding under Section 2241 must exhaust his administrative

4

remedies prior to filing suit. See McCling v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004). The "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." Id.

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Concerning disciplinary actions, the exhaustion of administrative remedies is initiated by first filing an appeal of the disciplinary action with the Regional Office within 20 days of receiving written notification of the disciplinary action. See 28 C.F.R. § 542.14(d)(2)("DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located."). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Respondent argues that Petitioner's Section 2241 Petition should be denied because Petitioner did not exhaust his administrative remedies. (Document No. 23, pp. 5 - 9.) In support, Respondent submits the Declaration of Misty Shaw, a Paralegal for the Mid-Atlantic Regional

Office Consolidate Legal Center. (Document No. 23-1, pp. 2 - 3.) Ms. Shaw declares that in her position she has access to SENTRY, the Bureau of Prisons' online system containing, among other things, information about inmates' administrative remedy filings. (Id.) Although Ms. Shaw acknowledges that Petitioner has filed administrative remedies relating to his disciplinary action, Ms. Shaw states that such have not been fully exhausted. (Id.) Specifically, Ms. Shaw states, in pertinent part, as follows:

> \* \* \*
> 7. Review of Petitioner's records show that he has not exhausted his administrative remedies.
>
> 8. While incarcerated with the BOP, Petitioner has filed or attempted to file fifty-nine administrative remedies. Of those fifty-nine administrative remedies, only one is related to this Petition, i.e., Regional Administrative Remedy Appeal (Remedy ID 1147544-R1). Petitioner's Regional appeal was rejected on January 12, 2023. Petitioner did not file an appeal to Central Office.
>
> 9. Petitioner also filed Regional Administrative Remedy Appeal (Remedy ID 1142340-R1) and Regional Administrative Remedy Appeal (Remedy ID 1150370-R1), which are listed as "DHO Appeals." However, there is no indication that these appeals relate to this Petition. Insofar that they do, both appeals were rejected at the Regional level, and neither were appealed to Central Office.
> \* \* \*

(Id., p. 3.) As an Exhibit, Ms. Shaw attaches a copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated February 14, 2023. (Id., pp. 9 - 18.) Respondent further argues that "it is clear the administrative remedy process was made available to Petitioner, as evidenced by Petitioner's fifty-nine administrative remedy submissions, including filings at all three levels." (Document No. 23, p. 7.) Respondent notes that although Petitioner was placed in a local jail on October 17, 2022, while awaiting transfer to FCI Beckley, BOP policy provides that inmates "shall wait to use the Administrative Remedy procedure upon arrival at the institution." (Id., p. 8.)

6

Respondent acknowledges "that is precisely what Petitioner did," but Petitioner filed his *habeas* action without first filing an appropriate appeal to the Central Office. (Id.) Specifically, Petitioner was transferred to FCI Beckley on December 5, 2022, and Petitioner filed his Regional Administrative Remedy Appeal (Remedy ID 1147544-R1) on December 21, 2022. (Id.)

In Reply, Petitioner first argues that he "tried several times to appeal the DHO Report decision." (Document No. 25, p. 2.) Petitioner, however, states the "Mid-Atlantic Regional responded to his appeal and one of the reasons to not accept his appeal was because he needed a DHO Report." (Id.) Petitioner further argues that "the DHO report was delivered three months after the DHO hearing [and] that will make the appeal out of time regardless." (Id.) Petitioner further contends that exhaustion would be futile because the "BOP are already bias against the Petitioner." (Id.)

The undersigned finds that Petitioner failed to properly exhaust his administrative remedies prior to initiating the above proceeding. See Woodford v. Ngo, 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)(internal citations omitted)("[T]he law of habeas, like administrative law, requires proper exhaustion, and we have described this feature of habeas law as follows: To . . . protect the integrity of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies . . . .). Under the BOP's established Administrative Remedy Program, Petitioner was required to file a BP-10 with the DHO Report attached in the Mid-Atlantic Regional Office within twenty (20) days of receiving the DHO Report. See 28 C.F.R. § 542.14(d)(2). The record reveals that the DHO signed the CDC Report on October 13, 2022, [2] and Petitioner received a copy of the DHO/CDC

---

[2] Program Statement 7300.09 provides that "a DHO shall review [the CDC Report] for compliance with the CDC discipline policy . . . and *Wolff v. McDonnell*." P.S. 7300.09, Chapter 5, p. 19. "If the DHO is satisfied that all criteria

7

Report on January 18, 2023. (Document No. 23-2 and Document No. 25-2, p. 1.) The record reveals Petitioner initiated the administrative remedy process on November 4, 2022, by filing a letter with the Regional Office (Remedy ID No. 1142340-R1). (Document No. 25-2.) Petitioner's remedy was received by the Regional Office on November 18, 2022. (Id., p. 2.) By Rejection Notice dated February 27, 2023, the Regional Office notified Petitioner that his appeal was rejected because (1) he did not use a proper BP-10 form, (2) he failed to provide specific information such as a case number, (3) he failed to provide a copy of the DHO report or identify the charges and date of the DHO action, and (4) he may only submit one continuation page. (Id.) On January 24, 2023, Petitioner filed another administrative remedy with the Regional Office by completing a BP-10 and attaching three supporting continuation pages (Remedy ID No. 1150370721). (Document No. 25-4, pp. 2 - 5.) Petitioner's BP-10 was received by the Regional Office on February 6, 2023. (Id., p. 1.) By Rejection Notice dated February 6, 2023, the Regional Office notified Petitioner that his appeal was rejected because (1) "you may only submit one continuation page" and (2) "you did not provide a copy of the DHO report you wish to appeal or identify the charges and date of the DHO action." (Id.) Petitioner, however, choose to forego the process and initiate an action with this Court by filing his Petition on February 6, 2023 (Document Nos. 1 – 3.). The DHO/CDC Report was signed by the DHO on October 13, 2022, and provided to Petitioner on January 18, 2023. (Document No. 25-4, p. 8.) Petitioner clearly failed to properly exhaust his administrative remedies after receiving a copy of the DHO/CDC Report. See Shannon v. Deboo, 2011 WL 128131, * 2 (N.D.W.Va. Jan. 14, 2011) ("Because the petitioner filed his appeal before receiving written notification of the DHO decision in question, his appeal was premature, and he did fail to

---

are met, he or she will certify, impose final action, and sign and date the CDC report." *Id.*, p. 20.

exhaust his administrative remedies."). To the extent Petitioner argues that he could not timely appeal the DHO/CDC Report because Petitioner was not provided with a copy of the DHO/CDC Report until after the expiration of the appeal period, such an argument is without merit. Although there was some delay in providing Petitioner with a copy of the DHO/CDC Report, Section 542.14(d)(2) provides that an inmate is required to "fil[e] an appeal of the disciplinary action with the Regional Office *within 20 days of receiving written notification of the disciplinary action*." 28 C.F.R. § 542.14(d)(2)(emphasis added); also see Martinez v. Entzell, 2020 WL 3492058 (N.D.W.Va. June 3, 2020); Bello v. Sadd, 2019 WL 1246277 (N.D.W.Va. 2019); Strouse v. Wilson, 2014 WL 843276, * 5 (E.D.Va. March 4, 2014), aff'd, 575 Fed.Appx. 115 (4th Cir. 2014). Title 28 C.F.R. § 541.8(h) provides that an inmate is to be provided with a written copy of the DHO's decision, but there is no mandatory time period for when the DHO's written report is to be provided to an inmate. See 28 C.F.R. § 541.8(h).

Furthermore, Petitioner appears to argue that he should be excused from exhaustion because prison staff rendered the process futile by failing to provide him with a copy of the DHO/CDC Report. Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. In the instant case, the record reveals that Petitioner received a copy of the DHO/CDC Report approximately three-months after the DHO/CDC Report was signed. The mere delay in receiving a copy of the DHO/CDC Report does not render the administrative remedy process futile if the inmate is still given the opportunity to file an appeal after receiving the report. The undersigned finds that Petitioner received a copy of his DHO/CDC Report approximate three months after the DHO/CDC Report was signed, Petitioner was advised of his right to appeal, and Petitioner chose not to follow the proper procedure for doing so. Other

9

courts addressing similar circumstances have determined that delay in proving an inmate with a copy of the DHO/CDC Report fails to provide a basis for excusing exhaustion. See Staples v. Chester, 370 Fed.Appx. 925, 929-30 (10th Cir. 2010)(an eight-month delay in providing an inmate with a copy of the DHO/CDC Report was insufficient to excuse exhaustion); Hrycuna v. Ormond, 2019 WL 1304250, * 4 – 5 (E.D.Va. Feb. 19, 2019)(finding the administrative remedy process was not rendered futile by petitioner's delay in receiving a copy of the DHO report because petitioner subsequently received a copy of the DHO report and failed to attempt to proper exhaust his administrative remedies); Strouse, 2014 WL 843276 at * 5(two-month delay in providing the DHO Report failed to provide a basis for excusing exhaustion); Lindsey v. Thomas, 2014 WL 389005, * 5 (M.D. Pa. Aug. 8, 2014)(rejecting petitioner's request to be excused from the exhaustion requirement because he did not receive a copy of the DHO Report for over two months after it was signed and dated). To the extent Petitioner's argues that any further appeals would be futile because the rejection of his prior appeals reveals bias, is without merit. Petitioner's prior appeals were clearly rejected because Petitioner failed to comply with certain requirements. Petitioner was clearly notified of the defects and given an opportunity to correct the defect and resubmit, but Petitioner choose to forego the process and initiate an action with this Court. Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his administrative remedies and his Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: July 13, 2023.



Omar J. Aboulhosn
United States Magistrate Judge